# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNCEF, LLC, | Case No.   SACV10-1606-DOC (PJWx) |
| Plaintiff(s), | **SCHEDULING ORDER** |
| v. | 1.   SETTING DISCOVERY CUT-OFF DATE: December 12, 2011 |
| | 2.   MOTION CUT-OFF DATE: January 23, 2012 |
| BPMB, INC., ET AL., | |
| Defendant(s). | 3.   SETTING FINAL PRETRIAL CONFERENCE: February 13, 2012 (at 8:30 a.m.) |
| | 4.   SETTING JURY TRIAL DATE: March 13, 2012 (at 8:30 a.m.) |

This Pretrial Scheduling Order governs the course of all pretrial proceedings in this case. For further guidance, consult the Federal Rules of Civil Procedure and the Local Rules.

JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

The deadline for joining parties and amending pleadings is ninety (90) days after the date of this Order. Any motions to join other parties or for leave to amend the pleadings shall be filed within sixty (60)

days of the date of this Order so that they can be heard and decided prior to the deadline.

DISCOVERY CUT-OFF

The Court has established a cut-off date for discovery in this action. All discovery is to be completed on, or prior to, the cut-off date. Expert discovery must also be completed by the discovery cut-off date. Plan now to complete discovery on the schedule set; a continuance is *unlikely*. Accordingly, the following discovery schedule shall apply in this Court:

(1) Depositions: All depositions shall be scheduled to commence at least five (5) working days prior to the discovery cut-off date. A deposition which commences five (5) days prior to the discovery cut-off date may continue beyond the cut-off date, as necessary.

(2) Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served at least forty-five (45) days before the discovery cut-off date. The Court will not approve stipulations between counsel that permit responses to be served after the cut-off date except in unusual circumstances and upon a showing of good cause.

(3) Discovery Motions: Any motion regarding the inadequacy of responses to discovery must be filed and served no later than five (5) days after the discovery cut-off date. The Court requires compliance with the requirements of Local Rule 37 in the preparation and filing of discovery motions. Whenever possible, counsel should resolve discovery problems on their own in a courteous, reasonable, and professional manner. Assistance of the Court in the resolution of most discovery matters should not be necessary.

Parties shall follow the disclosure and timing rules of the Federal Rules of Civil Procedure and the Local Rules. Routine discovery motions will be referred to the magistrate judge assigned to the case.

MOTION MATTERS

In motion matters, counsel should note the timing and service requirements of Local Rules 6 and 7 and its subparts including:

(1) Rule 6-1 (twenty-eight (28) days notice for all motions unless served by mail, in which case thirty-one (31) days is required) (notice of motion and moving papers to be filed twenty-

eight (28) days before the hearing date);

(2)   Rule 7-9 (responses to all motions twenty-one (21) calendar days before the hearing date); and

(3)   Rule 7-10 (reply, if any, to all responses fourteen (14) calendar days before the hearing date).

Counsel must comply with the timing requirements of the Local Rules so that chambers can properly prepare for motion matters.

**The motion cut-off date is the last day on which the Court will hear motions.** Counsel should note that motions will need to be filed several weeks in advance of this date as required by Local Rule 6.

PRETRIAL CONFERENCE AND TRIAL SETTING

This case has been placed on calendar for a Pretrial Conference ("PTC") pursuant to Federal Rule of Civil Procedure 16 and the Local Rules.  Unless excused for good cause, each party appearing in this action shall be represented at the PTC and all pretrial meetings of counsel by the attorney who is to have charge of the conduct of the trial on behalf of such party.

A continuance of the Pretrial Conference at counsel's request or stipulation is *highly unlikely*. Counsel should plan to do the necessary pretrial work on a schedule which will ensure its completion with time to spare before the Pretrial Conference.  Failure to complete discovery work is not grounds for a continuance.  The Court has a crowded docket and to displace another case already set for trial in favor of a case in which counsel have not been diligent in preparing their case would not be just.

Compliance with the requirements of Local Rule 16 is required by the Court.  Carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial brief) and a proposed Pretrial Conference Order ("PTCO") shall be submitted in accordance with the provisions of Local Rules 16-6 through 16-7. and the form of the proposed Pretrial Conference Order shall be in conformity with the format set forth in Appendix A to Local Rules.

The Memoranda of Contentions of Fact and Law are due twenty-one (21) days before the PTC and the proposed PTCO is to be lodged eleven (11) days before the PTC.  Adherence to the time requirements is necessary to provide the Court and its staff time to prepare the matter.

At the PTC, counsel should be prepared to discuss means of streamlining the trial, including, but not

1  limited to: bifurcation, presentation of non-critical testimony by deposition excerpts, stipulations as to the
2  content of testimony, presentation of testimony on direct examination by declaration subject to cross-
3  examination, and qualification of experts by admitted resumes.  In rare cases in which the Court waives the
4  PTC, counsel must follow Local Rules 16-10 through 16-10.1.
5      In drafting the PTCO, the Court expects that counsel will attempt to agree on and set forth as many
6  uncontested facts as possible.  The Court will normally read the uncontested facts to the jury at the start of
7  the trial.  A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial
8  and increase jury understanding of the case.
9      All motions (except motions *in limine* dealing with admissibility of evidence) must be disposed of
10 before the Pretrial Conference.  A motion *in limine* may not be used as a substitute for a summary judgment
11 motion.  All motions *in limine* must be filed no later than the date on which the PTCO is lodged with the
12 Court; oppositions to motions *in limine* must be filed no later than 7 days prior to the PTC.
13
14 JURY INSTRUCTIONS / FINDINGS OF FACT AND CONCLUSIONS OF LAW
15     Proposed jury instructions must be timely filed.  The parties should exchange proposed jury
16 instructions and agree as much as possible on the necessary instructions before filing them with the Court.
17 In matters tried to the Court, the parties should prepare, serve, and lodge proposed findings of fact and
18 conclusions of law as promptly as possible and in compliance with the Local Rules.  Both parties should also
19 submit their proposed jury instructions and findings of fact and conclusions of law on disk, preferably in
20 Word Perfect format.
21
22 COURT APPEARANCES
23     Parties shall be represented at *all* court appearances by the counsel expected to be in charge of
24 conducting trial on behalf of the parties.
25     Under no circumstances should counsel, or a party if the party is appearing *pro se*, fail to appear at
26 a court appearance unless their appearance has been waived by prior order of the Court.  Even if a settlement
27 has been reached, counsel for all parties, or the party if appearing *pro se*, must appear at court appearances
28 until a stipulation of dismissal signed by all parties has been lodged with the Court.

<u>OTHER</u>

Counsel are required to electronically file all papers in accordance with General Order 10-07.

All appropriate inquiries should be directed to Judge Carter's, Deputy Court Clerk, at (714) 338-4543.  Counsel should not attempt to contact chambers directly.  Counsel should list their email addresses and facsimile transmission numbers on their papers in order to facilitate communication by the Deputy Court Clerk.

The Deputy Court Clerk is ordered to serve a copy of this Order on all parties to this action, if not personally handed to counsel at the Scheduling Conference.

IT IS SO ORDERED.

DATE: August 8, 2011

*David O. Carter*
DAVID O. CARTER
United States District Judge